IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COLIN BROWEN<br>901 E. 35TH Street<br>Sioux Falls, South Dakota, 57105<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION<br>935 Pennsylvania Ave NW<br>Washington, DC 20535<br><br>Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)  Case No: 25-4355<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

## I.  INTRODUCTION

1.    Plaintiff Colin Browen (hereinafter "Plaintiff") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq*., by Defendant Federal Bureau of Investigation (hereinafter "FBI") in failing to provide Plaintiff with all non-exempt records responsive to his July 30, 2025, FOIA request to this federal agency, seeking records related to criminal offenses perpetrated by Francis "Frank" Duffield Shelden, for the period from

– 1 –

COMPLAINT

1940 to 1996.

## II. JURISDICTION

2.   This Court has jurisdiction over this action pursuant to 5 U.S.C. §

552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3.   Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4.   Plaintiff, Colin Browen, is an individual that, at all times relevant herein, has

resided in Sioux Falls, South Dakota.

5.    Defendant Federal Bureau of Investigation is federal agency of the United

States, and sub-component of the United States Department of Justice, and as such, is an

agency subject to the FOIA, pursuant to 5 U.S.C. § 552(f).

## V.   LEGAL FRAMEWORK OF FOIA

6.   FOIA requires, *inter alia*, that all federal agencies must promptly provide

copies of all non-exempt agency records to those persons who make a request for records

that reasonably describes the nature of the records sought, and which conform with

agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7.   FOIA requires federal agencies to make a final determination on all FOIA

requests that it receives within twenty days (excepting Saturdays, Sundays, and legal

public holidays) after the receipt of such request, unless the agency expressly provides

COMPLAINT

notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(i).

8.    FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9.    FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(i) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10.    FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11.    Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12.    Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action.    5 U.S.C. § 552(a)(4)(E).

COMPLAINT

## VI. FACTUAL ALLEGATIONS

13.    On or about July 30, 2025, Plaintiff submitted a FOIA request to the FBI, seeking any and all records related to criminal offenses perpetrated by Francis "Frank" Duffield Shelden from 1940 to 1996.    Plaintiff requested expedited processing of the FOIA request.

14.    On or about August 4, 2025, the FBI sent a letter to Plaintiff assigning Plaintiff's FOIA request number 1676189-000.

15.    On or about August 4, 2025, the FBI sent a letter to Plaintiff, denying Plaintiff's request for expedited processing of the FOIA request.

16.    On or about August 7, 2025, the FBI sent a letter to Plaintiff, noting that approximately 1,047 pages of records are potentially response to Plaintiff's FOIA request and that the processing time for those records would be 2,010 days (or approximately 67 months).

17.    On or about August 14, 2025, Plaintiff sent an email to the FBI again requesting Plaintiff's request be expedited, including reasons in support of the request.

18.    On or about September 12, 2025, the FBI sent a letter to Plaintiff again denying Plaintiff's request for expedited processing.

19.    As of the date of the filing of this action Plaintiff has not received any records that were requested in Plaintiff's July 30, 2025, FOIA request to the FBI.

– 4 –

COMPLAINT

## VII. CLAIMS FOR RELIEF

20. Plaintiff realleges, as if fully set forth herein, paragraphs 1-19 previously set forth herein.

21.    Defendant FBI has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for its July 30, 2025, FOIA request.

22.    By failing to provide Plaintiff with all non-exempt responsive records to the July 30, 2025, FOIA request as described in paragraph 13 above, Defendant FBI has denied Plaintiff's right to this information, as provided by the Freedom of Information Act.

23. Defendant FBI has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's July 30, 2025, FOIA request.

24. By failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's July 30, 2025, FOIA request, Defendant FBI has denied Plaintiff's right to this information, as provided by law under the Freedom of Information Act.

25.    Unless enjoined by this Court, Defendant FBI will continue to violate Plaintiff's legal rights to be provided with copies of the records that it has requested in its FOIA request described in paragraph 13 above.

26.    Plaintiff is directly and adversely affected and aggrieved by Defendant FBI's

COMPLAINT

failure to provide responsive records to Plaintiff's July 30, 2025, FOIA request.

29.    Plaintiff was required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

30.    Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff, providing the following relief:

1.    Declare Defendant FBI has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to its July 30, 2025, FOIA request.

2. Declare Defendant FBI has violated FOIA by failing to complete an adequate search for records responsive to Plaintiff's July 30, 2025, FOIA request.

3. Direct, by injunction, that Defendant FBI perform an adequate search for records responsive to Plaintiff's July 30, 2025, FOIA request, and provide Plaintiff with all non-exempt responsive records to Plaintiff's July 30, 2025, FOIA request.

4.    Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

5.    Provide such other relief as the Court deems just and proper.

DATED: This 15th day of December, 2025.

Respectfully submitted,

COMPLAINT

 /s/ Sean T. Malone
Sean T. Malone (OR0010)
Attorney at Law
P.O Box 1499
Eugene OR 97440
(303) 859-0403
seanmalone8@hotmail.com
**Attorney for Plaintiff**

COMPLAINT